UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE DATIL COLOM,

    Plaintiff,

v.                                                                  Case No:   6:15-cv-481-Orl-22TBS

KEVIN WALSH, BUDDY DYER, GINA
BERNARD and CITY OF ORLANDO
CERTIFICATION BOARD,

    Defendants.

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Jose Datil Colom's Motion for Leave to Proceed *in forma pauperis* (Doc. 2).  For the reasons that follow, I respectfully recommend that Plaintiff's motion be **DENIED without prejudice**, that his complaint be **DISMISSED without prejudice**, that Plaintiff be given leave to file an amended complaint, and either pay the filing fee or submit a complete affidavit of indigency.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.  See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).   Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.   A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief.  FED. R. CIV. P. 8(a).  The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity.  FED. R. CIV. P. 10.   Relevant facts should be segregated to each of their respective claims.  See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. Appx. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's complaint, which borders on the illegible, appears to object to the manner in which the City of Orlando selects minority contractors (Doc. 1).   He also alleges that under the Constitution, the City of Orlando cannot award contracts based upon race or color (Id.).   However, the complaint fails to allege the basis of the Court's jurisdiction, or facts showing that Plaintiff has standing to bring a claim against these Defendants (Id.).   The complaint fails to allege sufficient facts to support a plausible claim upon which the Court can grant relief and, while Plaintiff asks for "a hearing to

determine if the certification of the City of Orlando is legal," he does not identify what relief he wants.

Plaintiff's affidavit of indigency is also deficient. He states that he has received income from a business or self-employment, and rent payments, interest, or dividends, but fails to identify the source(s) or give the amounts. Without this information, the Court cannot determine whether Plaintiff should be permitted to proceed without paying the filing fee.

For these reasons, I respectfully recommend that Plaintiff's motion be **DENIED without prejudice**; that his complaint be **DISMISSED without prejudice**; and that Plaintiff be afforded 21 days leave to file an amended complaint, and either pay the filing fee or file a new motion for leave to proceed *in forma pauperis* with a completed affidavit of indigency.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

United States District Judge
Plaintiff, pro se